[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR ALLOWANCE OF FEES AND EXPENSES
The Committee in the above foreclosure matter moves that the court order that the foreclosing party, the mortgagee, pay the fees and expenses of the Committee to date. The reason this motion is made is that the foreclosure sale which was ordered by the court to take place on May 6, 2000 was stayed by the automatic stay upon the debtor-mortgagor filing for relief under Chapter 7 of the Federal Bankruptcy Act. Notice thereof was filed in this court by the debtor on April 25, 2000. By that time all of the outside expenses had been incurred and the Committee had to expend additional time notifying appropriate persons of the cancellation of the sale.
The Committee, by this request, is not seeking to obtain a judgment or an additional finding of additional debt as against the debtor-mortgagor-defendant. The Committee seeks only to have its costs and fees paid by the foreclosing mortgagee.
The Committee proceeds under General Statutes § 49-25. The statute provides, in relevant terms ". . . if for any reason the sale does not take place, the expenses of the sale and appraisal or appraisals shall be paid by the plaintiff and taxed with the costs of the case."
The wording of the statute is perfectly clear. In some circumstances there may be little or no necessity for such a statute. For example if the sale is postponed for a brief period of time and thereafter the prior committee fees and costs are added to the new committee fees and costs, all of which are the first priority as pertains to distribution of proceeds. However, where the sale is long delayed by the passage of time, pending removal of the bankruptcy stay, or more significant the withdrawal of the action, producing no sale proceeds. It is clear that CT Page 7957 the mortgagor must provide payment of the incurred expenses, to be then taxed as its costs.
The defendant objects to the motion for allowance of fees and expenses to the Committee. The defendant is concerned that this motion may in effect enhance his indebtedness, from which he is protected by the filing of the petition in the Bankruptcy Court.
This court does not enter any orders against the defendant-mortgagee. Nor does the court take any position as to whether, in appropriate circumstances, the payment of these sums by the mortgagee may be recouped from the mortgagor. Bankruptcy of course in most instances, precludes personal judgment against the bankrupt.
The sole function of this court is to determine whether, as between the mortgagee-plaintiff and the Committee, the fees and costs are to be paid by the plaintiff-foreclosing party under General Statutes § 49-25. Absent the statute, in the event that there was no sale in the future, there would be no source from which the Committee could recoup its out of pocket expenses and time devoted to its duties.
"A Committee of Sale, as an arm of the court, shall not have to act at its own peril in undertaking its obligations under a foreclosure of sale . . . Accordingly, the court did not err in awarding fees and costs to the Committee of sale even though the sale was not ratified." HartfordFederal Savings Loan Assn. v. Tucker, 13 Conn. App. 239, 250, 251
(1988); Accord, Gans v. Oligino, et al, 1993 WL 284666 (Conn. Super);Paragon Mortgage Co. v. Singleton, 1991 WL 35575 (Conn. Super).
The court grants the motion of the Committee and orders that the plaintiffs pay to the Committee the sum of $3,690.54, representing $1,070.50 legal fees and $2,620.04 disbursements, to be taxed on behalf of the plaintiff with the costs of the case.
 ___________________, J. L.P. Sullivan